# United States Court of Appeals
## For the First Circuit

No. 14-1732

UNITED STATES OF AMERICA,

Appellee,

v.

SANTOS ACEVEDO-SUEROS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lynch, Lipez, and Thompson,
Circuit Judges.

Guillermo A. Macari-Grillo, on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

June 17, 2016

**LIPEZ, Circuit Judge**.  Santos Acevedo-Sueros appeals the sentence imposed following his guilty plea to four felony counts related to a conspiracy to import over 1,300 kilograms of cocaine. We affirm.

**I.**

Charged on December 18, 2013, Acevedo-Sueros informed the court of his intention to plead guilty on February 12, 2014, and entered a straight guilty plea on March 12, 2014.  The Presentence Investigation Report ("PSR") calculated his Total Offense Level ("TOL") at 34, including a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  It did not mention the additional one-level decrease potentially available for "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial."  U.S.S.G. § 3E1.1(b).

Acevedo-Sueros did not object to the PSR, nor did his sentencing memorandum mention a possible one-level decrease under § 3E1.1(b) or suggest that his total offense level should be 33 rather than 34.  At his sentencing hearing, the court asked whether the correct total offense level was 34, and his counsel agreed. The court did not ask Acevedo-Sueros whether he had reviewed the PSR and discussed it with his attorney.  The court ultimately sentenced him to concurrent prison terms of 151 months for each of the four counts, the low end of the guidelines sentencing range

given a TOL of 34 and Criminal History Category ("CHC") I. Acevedo-Sueros challenges his sentence, claiming that it is procedurally unreasonable on two grounds. We address those grounds in turn.

## II.

Acevedo-Sueros avers that the district court should have given him the benefit of an additional one-level reduction in his offense level pursuant to § 3E1.1(b). Before addressing the merits of his argument, we address a waiver argument raised by the government.

### A. Waiver

The government urges that Acevedo-Sueros waived the one-level reduction issue by failing to raise it below, and hence we should not address the issue at all. See generally United States v. Olano, 507 U.S. 725, 733-34 (1993) (explaining that "[w]hereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right;'" the former may be reviewed for plain error, whereas the latter may not be reviewed on appeal (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938))); United States v. Rodriguez, 311 F.3d 435, 437 (1st Cir. 2002) (finding waiver of an objection to a sentencing guidelines calculation where defendant "consciously waived the issue").

The government argues that, in its words, "Acevedo-Sueros' serial failures to raise this issue at various points throughout the proceedings below constitute a waiver, rather than a mere forfeiture."  As the government points out, he did not object to the PSR, which mentioned § 3E1.1(a) but not § 3E1.1(b); and he did not raise § 3E1.1(b) in his sentencing memorandum or at the sentencing hearing.[1]  Acevedo-Sueros does not dispute that he failed to object to the guidelines calculation as recommended in the PSR, or to ask the district court to apply the § 3E1.1(b) offense level adjustment at sentencing.  In Acevedo-Sueros' view, however, this was a mere "lapse in the computation of the offense level," and despite his omission the issue may be reviewed for plain error under Olano.

Ultimately, we need not decide the waiver issue.  Where a defendant's claim would fail even if reviewed for plain error, we have often declined to decide whether the defendant's failure to raise the issue below constituted waiver or mere forfeiture.

---

[1] Federal Rule of Criminal Procedure 32(f)(1) requires that "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report."  The Local Rules of the District of Puerto Rico also require that "[w]ithin fourteen (14) days from disclosure of the PSR, counsel for the government and counsel for the defense shall file . . . written objections to the facts or guideline application in the PSR." D.P.R. Crim. R. 132(b)(3)(A).  The Local Rules add that "[a] party waives any objection to the PSR by failing to comply with this rule."  Id.

See, e.g., United States v. Aguasvivas-Castillo, 668 F.3d 7, 13-14 (1st Cir. 2012).  So it is here.  Even if Acevedo-Sueros' omissions below constitute a mere forfeiture, his argument fails on plain error review.

**B.   Acceptance of Responsibility (U.S.S.G. § 3E1.1(b))**

Section 3E1.1(b) reads:

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b) (emphases omitted).  Acevedo-Sueros argues that, because his prompt guilty plea obviated the need for the government to prepare for trial, he was entitled to the one-level reduction.

The government responds that, pursuant to § 3E1.1(b), the court was not permitted to grant the reduction except "upon motion of the government," a motion it never made.[2]  Its argument is bolstered by the relevant application note to § 3E1.1:

_____

[2] The government acknowledges an exception to the government-motion requirement, applicable "when the government's withholding of the predicate motion 'was based on an unconstitutional motive'

> Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.

Id. § 3E1.1 cmt. n.6.

Acevedo-Sueros argues that "the government asked orally for the one-level reduction at the sentencing hearing." Though his brief provides little explanation, the implication is that this oral request satisfied the need for a "motion of the government." Id. § 3E1.1(b).

Acevedo-Sueros evidently relies on the following colloquy from the sentencing hearing:

| | |
|---|---|
| THE COURT: | So, [TOL] 34 and [CHC] One is a guideline range of 151 to 188 months, a fine range of $17,500.00 to 10 million dollars plus a supervised release of at least five years. |
| AUSA: | If it is a level 33, it would be 135 to 168. |
| THE COURT: | No one said level 33, it is a level 34. |
| AUSA: | Yes, okay. |

---

or 'was not rationally related to any legitimate government end.'" United States v. Meléndez-Rivera, 782 F.3d 26, 30 (1st Cir. 2015) (quoting United States v. Beatty, 538 F.3d 8, 14 (1st Cir. 2008)). Acevedo-Sueros does not argue, and there is no evidence to suggest, that the Beatty exception applies. See infra.

The suggestion that this exchange satisfied the government-motion requirement of § 3E1.1(b) is frivolous.  This stray comment by the prosecutor was not a motion, much less a "formal motion."  U.S.S.G. § 3E1.1 cmt. n.6.  The district court did not err by not recognizing it as such.

Acevedo-Sueros also makes a second argument, though, again, his reasoning is unclear.  He suggests that the district court made a legal error, believing that "it lacked discretion to grant the additional one-level reduction to the offense level under § 3E1.1(b) without a government motion."  He points to our holding in Meléndez-Rivera that "when the government's withholding of the predicate motion 'was based on an unconstitutional motive' or 'was not rationally related to any legitimate government end,'" the district court may grant the additional one-level reduction even absent a government motion.  United States v. Meléndez-Rivera, 782 F.3d 26, 30 (1st Cir. 2015) (quoting United States v. Beatty, 538 F.3d 8, 14 (1st Cir. 2008)).  His argument seems to be that the district court declined to consider a downward adjustment under § 3E1.1(b) because it thought it was categorically forbidden from doing so absent a government motion.  Because there is no such categorical prohibition, the argument goes, the district court made an error of law that prevented it from granting the reduction.

The argument has no merit.  There is no indication in the sentencing hearing transcript that the district court believed

it had no authority to grant an additional one-level reduction. The court did not opine on § 3E1.1(b) at all, presumably because neither the parties nor the PSR brought that guideline to its attention. There is no suggestion that the government's sentencing recommendations were driven by any improper motive that would have allowed the court to substitute its judgment for that of the government.

There was no error -- plain or otherwise -- in the court's determination that the proper TOL was 34.

## III.

Acevedo-Sueros also challenges the procedural reasonableness of his sentence on the ground that the district court did not directly inquire at sentencing whether he had read the PSR and reviewed it with his counsel. See Fed. R. Crim. P. 32(i)(1)(A) (requiring a district court to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report"); United States v. DeLeon, 704 F.3d 189, 196 (1st Cir. 2013) ("There is no doubt 'that it is the better practice for trial courts to address the defendant directly in order to establish that he or she has had the opportunity to read the [PSR] and to discuss it with his/her counsel.'" (alteration in original) (quoting United States v. Manrique, 959 F.2d 1155, 1157-58 (1st Cir. 1992))). He did not raise this issue at sentencing, and thus it was forfeited and may

be reviewed only for plain error. See United States v. Mangual-Garcia, 505 F.3d 1, 15 (1st Cir. 2007).

In asking us to vacate his sentence based on a plain error, Acevedo-Sueros bears the burden of showing that "(1) an error occurred; (2) the error was clear and obvious; (3) the error affected the defendant's substantial rights; and (4) the error impaired the fairness, integrity, or public reputation of the judicial proceedings." Id. The district court did not ask Acevedo-Sueros on the record whether he had read the PSR and discussed it with counsel, and on this record it is not "abundantly clear . . . that both defendant and his counsel [were] familiar with the report." DeLeon, 704 F.3d at 196 (quoting Manrique, 959 F.2d at 1157). However, we need not decide whether the court's omission amounted to clear and obvious error. Because he has not shown that his substantial rights were affected, we may not vacate his sentence on plain error review.

The requirement that a defendant show that a plain error affected his substantial rights, as relevant here, "means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. A defendant can show prejudice in the context of plain error review by pointing to "specific facts," Mangual-Garcia, 505 F.3d at 16, that establish "a reasonable probability that, but for the error, the district court would have imposed a different, more

favorable sentence," id. at 15 (quoting United States v. Gilman, 478 F.3d 440, 447 (1st Cir. 2007)).

Acevedo-Sueros argues that this requirement is met because the court's alleged failure to verify that he had reviewed the PSR with his attorney "was prejudicial since it increased the range of his term of imprisonment from 135 to 168 months to 151 to 188 months." He does not expand on this cursory argument. We read his brief to suggest that, if only the court had inquired whether he had reviewed the PSR with his counsel, a one-level decrease in his offense level would have been granted, resulting in a TOL of 33 rather than 34. It is not clear how a question from the court would have led to this outcome, and he fails to show a reasonable probability that this is so.

Indeed, even if Acevedo-Sueros had not previously reviewed the PSR, and if the court had inquired about his review, prompting Acevedo-Sueros and his attorney to discuss the report for the first time, we doubt that this review would have drawn their attention to § 3E1.1(b), a provision that had not hitherto been raised by the parties or the probation office. And even if he had asked the government for a motion under § 3E1.1(b), we have little basis on which to infer that the government would have agreed to his request. Accordingly, we hold that Acevedo-Sueros has not carried his burden to show that his substantial rights

- 10 -

were affected by the court's alleged failure to satisfy Rule 32(i)(1)(A).[3]

**Affirmed.**[4]

---

[3]    Acevedo-Sueros also suggests that the district court abused its discretion by imposing a substantively unreasonable sentence.  The argument is only "adverted to in a perfunctory manner, unaccompanied by [any] effort at developed argumentation," and thus need not be considered.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  The argument would fail even if considered on its merits, however.  Acevedo-Sueros does not come close to showing that his sentence -- at the low end of the applicable guidelines range -- was unreasonable.  See, e.g., United States v. Perretta, 804 F.3d 53, 58 (1st Cir. 2015) (finding no abuse of discretion where a sentence was within a properly calculated guidelines sentencing range); United States v. Torres-Landrúa, 783 F.3d 58, 68-69 (1st Cir. 2015) (same).

[4] On January 5, 2016, while we had jurisdiction over this case during the pendency of this appeal, the district court entered an order purporting to reduce Acevedo-Sueros' sentence to 121 months.  This was done pursuant to Amendment 782 to the sentencing guidelines, which effectively reduced the recommended sentences for certain drug crimes.  See U.S.S.G. App. C Supp., Amend. 782 (effective Nov. 1, 2014).  This court was not notified.  In United States v. Maldonado-Rios, 790 F.3d 62 (1st Cir. 2015) (per curiam), we made clear that while a sentence is on appeal, the district court lacks jurisdiction to reduce that sentence under Amendment 782.  However, nothing in this opinion prevents the district court from modifying the sentence once mandate issues.  See Boston & Maine Corp. v. Town of Hampton, 7 F.3d 281, 282 (1st Cir. 1993) ("[I]ssuance of the mandate formally marks the end of appellate jurisdiction." (quoting Johnson v. Bechtel Assocs. Prof'l Corp., 801 F.2d 412, 415 (D.C. Cir. 1986))).