# United States Court of Appeals
## For the First Circuit

No. 15-1828

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS VÁZQUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before
Torruella, Lipez, and Thompson,
Circuit Judges.

Andrew S. McCutcheon, Research and Writing Specialist, Eric Alexander Vos, Federal Public Defender, and Vivianne M. Marrero-Torres, Assistant Federal Public Defender, Supervisor, Appeals Section, on brief for appellant.
Juan Carlos Reyes-Ramos, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

April 20, 2017

**TORRUELLA, Circuit Judge**.  Defendant Carlos Vázquez appeals his sentence for possession of a firearm in furtherance of a drug-trafficking offense and possession with intent to distribute controlled substances.  We affirm.

<u>BACKGROUND</u>

On October 31, 2014, local and federal agents searched the residence where Vázquez lived with his girlfriend and their two-year-old child; they also searched four vehicles belonging to him.  The agents discovered cocaine, crack cocaine and marijuana, drug paraphernalia, two loaded assault rifles, a loaded pistol, and more than one hundred fifty rounds of ammunition.  Some of the ammunition and "a large quantity of crack cocaine" were lying in plain view in the master bedroom, and marijuana, cocaine, and drug paraphernalia were lying on the dining room table.

Pursuant to a plea agreement, Vázquez pled guilty to violating 18 U.S.C. § 924(c)(1)(A)(i) ("Count 1") and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) ("Count 5").  The parties recommended a sentence of sixty months' imprisonment for Count 1, the statutory minimum.  For Count 5, Vázquez recommended a sentence of thirty-seven months, and the Government recommended sixty months.  The imprisonment terms were to run consecutively.

At sentencing, the district court calculated recommended sentences of sixty months for Count 1 and thirty-three to forty-one months for Count 5 under the United States Sentencing

Guidelines (the "Guidelines"). The district court discussed Vázquez's possession of three guns, including "two assault weapons," "high-capacity" magazines, and various drugs and drug paraphernalia "inside his house where a one-and-a-half-to-two-year-old minor lived" and in his vehicles. It also "considered Mr. Vázquez's upbringing" and the need for deterrence, "especially here in Puerto Rico, where . . . there is just too much crime." The district court recognized that murder rates had "gone down" substantially, which it attributed to "people like Mr. Vázquez [being] off the streets" and "the firearms initiative between the Department of Justice of Puerto Rico and the United States Attorney's Office."

Weighing the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court determined that a sixty-month sentence for Count 1 was "not an appropriate sentence" because even "one pistol, one revolver," would get a sixty-month minimum sentence, but Vázquez had "two assault weapons, a pistol, [and] a tremendous amount of ammunition." Thus, "sixty months [did] not reflect the seriousness of the offense," "protect the public" from Vázquez, or promote deterrence.

The district court therefore sentenced Vázquez to eighty-four months' imprisonment for Count 1. However, it expressed "concern" about the Government's above-Guidelines recommendation of sixty months' imprisonment for Count 5. It

-3-

therefore sentenced Vázquez within the Guidelines, although it considered "a sentence at the higher end" of the Guidelines range "appropriate" given "the amount of drugs" and the presence of "a toddler" and imposed a sentence of forty-one months for Count 5. The sentences were to be served consecutively, for a total of 125 months of imprisonment.

Vázquez timely appealed his sentence.

### ANALYSIS

Vázquez argues that the district court committed procedural error by (1) rejecting Vázquez's upbringing as a mitigating factor, (2) imposing an upward variance based primarily on deterrence, rather than case-specific factors, and (3) failing to address his disparity arguments. Vázquez also asserts that the sentence was substantively unreasonable. We review sentencing decisions for procedural and substantive reasonableness, employing a deferential abuse-of-discretion standard.[1] See United States v. Arroyo-Maldonado, 791 F.3d 193, 197 (1st Cir. 2015).

---

[1] The Government contends that Vázquez forfeited his arguments that the district court did not consider his upbringing, factors other than deterrence, or his sentencing disparity precedent. He did not. Vázquez addressed his upbringing, the need to consider factors other than deterrence, and sentencing disparity in both his sentencing memorandum and at the sentencing hearing, and he lodged a general objection after the district court's sentence. The district court therefore had notice of Vázquez's arguments and his disagreement with the sentence, and that satisfies the purpose of the objection requirement. See United States v. Ortiz-Rodríguez, 789 F.3d 15, 18 (1st Cir. 2015) (finding no forfeiture where defendant "raised the same basic challenge to the

-4-

## A. Vázquez's Sentence Was Not Procedurally Unreasonable

Vázquez's arguments for why the district court committed procedural error rest on a misreading of its rationale. First, the district court did not "refuse[] to consider his upbringing"; it specifically stated that it did so, but it considered the circumstances of Vázquez's crime -- particularly his possession of multiple weapons and the presence of a child near large quantities of drugs -- more important.

Similarly, the district court did not base its sentence "primarily on deterrence" and crime in Puerto Rico. In fact, the district court was primarily concerned with the individual aspects of Vázquez's crime. Its discussion of crime in Puerto Rico was just one of many factors it considered, and "the incidence of particular crimes in the relevant community appropriately informs and contextualizes the relevant need for deterrence."[2] Ortiz-Rodríguez, 789 F.3d at 19 (quoting United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013)). In addition, we give

reasonableness of the sentence [in the district court] that [he then made] on appeal"); United States v. Taylor, 54 F.3d 967, 972 (1st Cir. 1995) (explaining that the raise-or-waive rule allows district courts to correct errors and "prevents sandbagging").

[2] If, as Vázquez suggests, the district court had relied primarily on its unsupported finding that Puerto Rico's murder rate had fallen significantly between 2011 and 2014 "based on the firearms initiative" to justify its upward variance, he might have had a stronger argument. The district court did not do that here, however.

"significant weight" to the district court's statement that it considered the 18 U.S.C. § 3553(a) sentencing factors. United States v. Torres-Landrúa, 783 F.3d 58, 68 n.12 (1st Cir. 2015) (quoting United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014)).

Finally, the district court heard Vázquez's disparity argument and the Government's counterargument at the sentencing hearing, and it stated that it had "considered [Vázquez's] sentencing memorandum," which made the disparity argument in detail. The district court then explained various individualized factors that supported its sentence. "[A] court's reasoning can often be inferred by comparing what was argued by the parties . . . with what the judge did." United States v. Turbides-Leonardo, 468 F.3d 34, 41 (1st Cir. 2006); see also United States v. Landrón-Class, 696 F.3d 62, 78 (1st Cir. 2012). Here, we can infer that the district court determined that the particular facts of this case made it dissimilar to the cases cited by Vázquez. It did not abuse its discretion in doing so.

## B. Vázquez's Sentence Was Not Substantively Unreasonable

"[T]he linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). "Because we have already found the district court's sentencing rationale to rest within the range of acceptable discretion, 'we limit our review to the

question of whether the sentence, in light of the totality of the circumstances, resides within the expansive universe of reasonable sentences.'" United States v. Pedroza-Orengo, 817 F.3d 829, 837 (1st Cir. 2016) (quoting United States v. King, 741 F.3d 305, 308 (1st Cir. 2014)).

Vázquez's sentence for Count 5 was within the Guidelines, his total sentence was only five months more than the 120 months requested by the Government pursuant to his plea agreement (which would have triggered an appeal waiver), and there are aggravating circumstances in this case. The sentence therefore "resides within the expansive universe of reasonable sentences." Pedroza-Orengo, 817 F.3d at 837 (quoting King, 741 F.3d at 308; see also United States v. Pantojas-Cruz, 800 F.3d 54, 62-63 (1st Cir. 2015).

## CONCLUSION

For the reasons stated, we affirm Vázquez's sentence.

**Affirmed.**