# United States Court of Appeals
## For the First Circuit

No. 16-1176

UNITED STATES OF AMERICA,

Appellee,

v.

RAYMOND FUENTES-ECHEVARRIA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Lipez and Thompson, Circuit Judges.

Derege B. Demissie and Demissie & Church on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá Almonte, Assistant United States Attorney, Chief, Appellate Division, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.

May 1, 2017

**HOWARD**, **Chief Judge**.    Raymond Fuentes-Echevarria challenges the procedural reasonableness of a forty-eight-month sentence imposed following his guilty plea for illegal possession of a machine gun.  He also brings an ineffective assistance of counsel claim.  After careful consideration, we affirm his sentence and dismiss his ineffective assistance claim without prejudice.

## I.

On September 15, 2014, police officers stopped Fuentes, who was driving his Honda Accord in reverse in the middle of a street, near a known drug trafficking point in San Juan, Puerto Rico.[1]  While one officer issued a ticket to Fuentes, a canine trained to detect narcotics, accompanied by another officer, marked two separate locations on Fuentes's vehicle.  Fuentes fled the scene and was not arrested.

Officers subsequently sealed Fuentes's vehicle, transported it to police headquarters, and obtained a search warrant.  A subsequent search of the vehicle revealed a secret compartment near the center of the dashboard.  From the compartment, officers seized a .40 Glock pistol modified to fire automatically, several gun magazines, and 108 rounds of ammunition.  On September 18, 2014, a grand jury returned a sealed

---

[1] We draw these facts -- to which Fuentes did not object -- from the change-of-plea colloquy and transcript of the sentencing hearing.

- 2 -

indictment charging Fuentes with illegal possession of a machine gun, in violation of 18 U.S.C. § 922(o) and § 924(a)(2).

Fuentes was arrested about a year later, in July 2015. He initially pled not guilty, and a trial was scheduled. But he ultimately moved to change his plea mere days before the trial was set to begin, and entered a straight plea -- that is, without a plea agreement -- to the sole charge in the indictment.

Fuentes's Presentence Report ("PSR"), to which he did not object, indicated that his criminal history category was I, and that his Base Offense Level ("BOL") was eighteen, pursuant to U.S.S.G. §2K2.1(a)(5). However, because Fuentes accepted responsibility, his total offense level ("TOL") was reduced to sixteen, see U.S.S.G. §3.E1.1(a), thus setting the applicable Guidelines Sentencing Range ("GSR") at twenty-one to twenty-seven months. At the sentencing hearing, Fuentes recommended a bottom-of-the-GSR sentence of twenty-one months, while the government asked for sixty. After reviewing the facts of this case and expressing a heightened need for community deterrence, the judge sentenced Fuentes to forty-eight months' imprisonment, followed by thirty-six months of supervised release.

On appeal, Fuentes challenges the reasonableness of his sentence on two grounds. He contends that the district court erred by failing to apply an additional one-level reduction to his TOL for acceptance of responsibility under §3E1.1(b). He also argues

that the district court's reliance on certain community factors did not justify the upward variance. Finally, Fuentes brings an ineffective assistance of counsel claim. We address each in turn.

## II.

### A. Sentencing Challenges

We review criminal sentences "under a deferential abuse-of-discretion standard." United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 56 (2007)). In applying this standard, we examine a sentence's procedural and substantive reasonableness. United States v. Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010). Here, Fuentes assigns only procedural errors to his sentence. See Martin, 520 F.3d at 92 (noting that "failing to calculate (or improperly calculating) the Guidelines range" is procedural); United States v. Narváez-Soto, 773 F.3d. 282, 286-87 (1st Cir. 2014) (treating a challenge about purportedly impermissible sentencing considerations as procedural). Unpreserved procedural challenges engender plain error review. Dávila-González, 595 F.3d at 47. In these circumstances, we will reverse the district court only upon a showing "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity,

or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)

First, Fuentes argues that while the district court appropriately reduced his TOL by two levels under U.S.S.G. §3E1.1(a) for acceptance of responsibility, it erred by not reducing the TOL by an additional level under §3E1.1(b). Section 3E1.1(b) provides, in relevant part: "If the defendant qualifies for a decrease under subsection (a), the [BOL] determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government . . . decrease the offense level by 1 additional level." U.S.S.G. §3E1.1(b) (emphasis added). The government did not make such a motion, and Fuentes did not request it either in opposition to the PSR or during sentencing.

We need not decide -- as the government suggests -- whether Fuentes waived or merely forfeited his challenge by failing to raise it below, as his claim falters on plain error review. See, e.g., United States v. Acevedo-Sueros, 826 F.3d 21, 24 (1st Cir. 2016). The district court did not commit an error, plain or otherwise, in not granting the additional reduction sua sponte. As we have previously held in Acevedo-Sueros, 826 F.3d at 24, not only does the plain text of §3E1.1(b) provide that the government must first make a motion for the reduction,[2] but the relevant

---

[2] Although there are some exceptions to the government-motion requirement, see United States v. Beatty, 538 F.3d 8, 14-15 (1st

- 5 -

commentary for this section also emphasizes the government's discretion to refuse to do so:

> Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing.

Acevedo-Sueros, 826 F.3d at 24 (quoting §3E.1.1(b) cmt. n.6). Accordingly, the district court did not err in not awarding the additional reduction.

Discerning no error on this front, we proceed to Fuentes's next challenge, which he preserved below. Fuentes maintains that the court's decision to impose a forty-eight-month variant sentence "lacked factual support,"[3] because it was heavily premised on the court's concern with "general violence" in the community. For instance, he points to the sentencing court's statement that it was "sick and tired of violent crimes and guns." He posits that the court went "too far" in "speculat[ing] about

---

Cir. 2008), Fuentes does not assert that they apply here, nor does the record suggest that they would.

[3] Fuentes also makes a cursory reference to the court's "incorrect finding" about his "drug abuse," which was considered in connection with his supervised release conditions. However, he only develops a challenge to his incarcerative sentence on appeal, so any argument to this effect is waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

the lives of violent criminals," at the expense of failing to consider facts specific to his case.[4]

When a court imposes a variant sentence, "its reasons for doing so 'should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender.'" United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013) (quoting Martin, 520 F.3d at 91). While Fuentes is correct that the court had an eye towards community deterrence in fashioning his sentence, we have "repeatedly" explained that "[d]eterrence is widely recognized as an important factor in the sentencing calculus." United States v. Díaz–Arroyo, 797 F.3d 125, 129 (1st Cir. 2015) (quoting Flores-Machicote, 706 F.3d at 23) (alteration in original); see also 18 U.S.C. § 3553(a)(2)(B). Indeed, community context can "inform[] and contextualize[] the relevant need for deterrence." Flores-Machicote, 706 F.3d at 23. The district court did not abuse its discretion by allowing its assessment that there was an "arsenal [of weapons] out there in

_____

[4] Fuentes's attempt to liken his case to United States v. Ofray-Campos, 534 F.3d 1, 43 (1st Cir. 2008), falls short. In that case, we vacated an above-Guidelines sentence that exceeded the top of the recommended GSR by twenty-four years and was the statutory maximum for that offense. Not only was the variance here vastly more limited -- Fuentes's sentence was twenty-one months above the GSR maximum of twenty-seven months and well under the statutory maximum of ten years, see 18 U.S.C. § 924(a)(2) -- but the district court's explanation here was much more particularized and persuasive than was the explanation in Ofray-Campos. 534 F.3d at 43-44.

the streets" to bear on its conclusion that a strong deterrent was warranted in this case.

Although "[i]t is possible for a sentencing judge to focus too much on the community and too little on the individual," id. at 24, that did not happen here. The sentencing court identified several case-specific factors, beyond the need for general deterrence, to support its view that Fuentes's offense was "out of line with a heartland case" for which the calculated GSR would have been appropriate. Among these were the fact that Fuentes's modified firearm was housed in a secret compartment, and that it was found with extended magazines and 108 rounds of ammunition, some of which was suitable for an AK-47 rifle. Moreover, the court found it significant that Fuentes's traffic stop occurred near a known drug trafficking area, and that he fled the scene. The sentencing judge's discussion of these case-specific facts blunts Fuentes's claim that community factors improperly shaded his variant sentence.[5]

---

[5] To the extent that Fuentes advances a substantive reasonableness challenge, it also fails. The district court articulated a "plausible rationale" and "defensible result." Martin, 520 F.3d at 98; see also, e.g., Flores-Machicote, 706 F.3d at 22, 25 (affirming a five-year sentence that exceeded the GSR maximum of forty-one months when the offense conduct involved a "high-caliber weapon with a large-capacity magazine"); Díaz-Arroyo, 797 F.3d at 130 (upholding a forty-eight-month variant sentence as reasonable in light of "the defendant's checkered criminal history and the community's burgeoning problems with violent crime linked to the illegal possession and use of firearms").

**B.  Ineffective Assistance of Counsel Claim**

Finally, we decline to address Fuentes's claims that his counsel was ineffective for failing to ask for the additional one-level reduction in Fuentes's TOL and for apparently "conce[ding] that [Fuentes] had no other purpose than to use the weapon to commit crimes."  Unless counsel's prejudicially deficient performance is "manifestly apparent from the record," we do not entertain ineffective assistance claims on direct appeal.  United States v. Rivera-Gonzalez, 626 F.3d 639, 644 (1st Cir. 2010) (quoting United States v. Wyatt, 561 F.3d 49, 52 (1st Cir. 2009)).  Such an "extraordinary circumstance[]" is not apparent in the record before us.  United States v. Hicks, 531 F.3d 49, 55 (1st Cir. 2008) (quoting United States v. Martins, 413 F.3d 139, 155 (1st Cir. 2005)).  Thus, we dismiss this claim without prejudice, leaving Fuentes free to raise it in a collateral proceeding under 28 U.S.C. § 2255.

## III.

For the foregoing reasons, we **affirm** Fuentes's sentence and **dismiss** his ineffective-assistance claim without prejudice.