# United States Court of Appeals
## For the First Circuit

No. 16-2455

UNITED STATES OF AMERICA,

Appellee,

v.

RODNEY ROBLES-PABON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Lynch, Circuit Judges.

Jane Elizabeth Lee on brief for appellant.
Elizabeth H. Danello, Attorney, Appellate Section, Criminal Division, United States Department of Justice, Rosa E. Rodríguez-Vélez, United States Attorney, John P. Cronan, Acting Assistant Attorney General, Thomas F. Klumper, Acting Chief, Appellate Division, and Laura G. Montes-Rodriguez, Assistant United States Attorney, on brief for appellee.

June 8, 2018

**BOUDIN**, **Circuit Judge**. Rodney Robles-Pabon ("Robles"), on a plea of guilty in the district court, was convicted of conspiracy to possess with intent to distribute cocaine and marijuana, 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). The district court sentenced him to twenty-one months on the first count and seventy-two months on the second, the latter to be served after the first sentence, for a total of ninety-three months. He now appeals to contest his sentences.

On December 17, 2015, federal agents searched a house in Arecibo, Puerto Rico, and found Robles hiding in a closet. The agents found drugs, currency, cell phones, AK-47 ammunition, high capacity magazines, and a chip to modify a Glock firearm. Searching a car parked at the residence, agents found Robles' passport and a loaded Glock pistol, among other things. Neither search is contested on this appeal.

A grand jury indicted Robles on six counts, but on July 22, 2016, Robles agreed with the government to plead guilty to the two counts already described. The plea agreement contained guideline calculations, one of which endorsed a decrease by two levels for acceptance of responsibility, U.S.S.G. § 3E1.1(a), ignoring the possibility of a three-level reduction under the governing guideline, U.S.S.G. § 3E1.1(b). The district court

entered the guilty plea and a presentence investigation report followed.

On November 4, 2016, the district judge at the sentencing hearing, relying on the 2015 version of the guidelines, approved a two-level reduction for acceptance of responsibility and imposed the sentences set forth above. This appeal followed, asserting as errors the alleged ineffective assistance of trial counsel in failing to secure the three-level reduction, error by the trial judge in ignoring the potential three-level reduction, and various claimed infirmities in the district court's choice of sentence.

In response, the government parries. It denies that Robles' attorney can on this record be shown to be ineffective but says that "because Robles could establish attorney ineffectiveness in a proceeding under 28 U.S.C. § 2255," this court "should vacate the sentence and remand to allow the government to file a Section 3E1.1(b) motion," presumably to secure the extra level reduction and allow Robles to be resentenced.

Given the joint agreement that Robles deserves the extra level decrease and resentencing, and seeing no reason to disagree, we turn to Robles' further claims, which are two. The one merely repeats the request for a third level decrease under a different heading (judge error as opposed to counsel error) but the other is a multipart attack on the prior sentencing on grounds that bear upon any further sentencing proceeding of this defendant.

Patently the district court, as expressed in the sentencing colloquy, intended to vary upward from the guideline sentence, although the judge and the parties would not necessarily share the same view of what would constitute a proper guidelines range. The attacks on the upward variance are that the court relied on unsubstantiated facts, failed to explain adequately the variance and did not "individualize" Robles' sentence as required in Gall v. United States, 522 U.S. 38 (2007), and other precedents including our own, e.g., United States v. Vázquez, 854 F.3d 126, 130 & n.2 (1st Cir. 2017).

Robles' counsel argues that in varying upward, the district court relied importantly on its belief that the murder rate in Puerto Rico had decreased significantly because of a joint firearms initiative. The district court referred to such a belief, but taken as a whole, its rationale was far more straightforward: that Robles was an armed and dangerous drug dealer whose criminal behavior should be strongly discouraged by an upward variance.

In a set of cases, this court has upheld upward variances on roughly similar facts and, in a leading case, focused on the requirement that a variance be reasonable and found it satisfied. See United States v. Rivera-González, 776 F.3d 45, 50-51 (1st Cir. 2015) (Selya, J.); see also United States v. Garay-Sierra, 885 F.3d 7, 15-16 (1st Cir. 2018) (Thompson, J.); United States v. Fuentes-Echevarria, 856 F.3d 22, 25-26 (1st Cir. 2017) (Howard,

C.J.); Vázquez, 854 F.3d at 130 (Torruella, J.); United States v. Zapata-Vázquez, 778 F.3d 21, 23-24 (1st Cir. 2015) (Kayatta, J.).

Like the appellants in the cases just cited, Robles argues that the district court's concern with gun violence is a community consideration not adequately directed to him as an individual. But the district court here did explore Robles' characteristics in detail and did not centrally rely on community considerations. Vázquez, 854 F.3d at 130 & n.2. The district court's discussion of Robles' youth, lack of firearms training, and history of drug dealing is the very individualization for which the case law calls.

In all events, Robles made no objection at sentencing that the district court's explanation was inadequate. Given the precedents in this circuit, the upward variance is not "plain error" that can rescue an unpreserved objection. For a modest variance like the one imposed here, the district court's explanation is sufficient. Cf. United States v. Ortiz–Rodríguez, 789 F.3d 15, 18–20 (1st Cir. 2015).

The district court used a standard script prepared and deployed by the same judge for cases like Robles' of which there are many. But scripts--what else are plea dialogues and pattern instructions but scripts?--are efficient and commonplace for busy district judges. And there was nothing perfunctory or dismissive

about the district court's sentencing in this case.  The judge did efficiently but fairly his difficult job.

The government is to be thanked for simplifying matters through its concession that Robles' trial counsel had failed to detect the possibility of an extra level decrease and its further concession that the extra decrease was justified.  We see no reason for the motion practice proposed by the government, but the substance of its proposal does credit to the Department.

The judgment imposing the sentences is <u>vacated</u> and the matter <u>remanded</u> for resentencing.  The court is free to consider imposing the same sentence if it thinks it has grounds for doing so despite the extra level reduction, but it will surely give counsel on both sides the opportunity to address the issue of a variance anew if the court is thinking in that direction.

It is so **ordered**.