# United States Court of Appeals
## For the First Circuit

No. 23-1795

UNITED STATES,

Appellee,

v.

EMANUEL MUÑOZ-FONTÁNEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Barron, Chief Judge,
Howard and Kayatta, Circuit Judges.

Leonardo M. Aldridge and ECIJA-SBGB Law Offices on brief for appellant.

Gregory B. Connor, Assistant United States Attorney, W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, on brief for appellee.

February 27, 2026

**PER CURIAM.** Defendant-Appellant Emanuel Muñoz-Fontánez ("Muñoz") appeals from his sentence, imposed at resentencing following remand, for possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). Muñoz again challenges the substantive and procedural reasonableness of his above-guidelines sentence of 144 months' incarceration.

After carefully reviewing the record and the parties' arguments, we conclude that affirmance is in order. Even assuming in Muñoz's favor that he preserved his arguments for our review, the record provides no basis to conclude that the district court abused its discretion in sentencing Muñoz. See United States v. Ruperto-Rivera, 16 F.4th 1, 4-5 (1st Cir. 2021). Particular to Muñoz's arguments, there is nothing to suggest that the district court improperly weighed the 18 U.S.C. § 3553(a) factors or otherwise erred in considering potentially mitigating facts. See United States v. Contreras-Delgado, 913 F.3d 232, 240 (1st Cir. 2019) ("While a sentencing court must consider all the incorporated § 3553(a) factors, it 'need not verbalize its evaluation of each and every [§] 3553(a) factor.'" (quoting United States v. Reyes-Rivera, 812 F.3d 79, 89 (1st Cir. 2016)). Further, the court did not err in not explicitly addressing why in its estimation the

- 2 -

parties' recommended sentence was not sufficient. See United States v. Cortes-Medina, 819 F.3d 566, 573 (1st Cir. 2016) (explaining that this court has "consistently refused to accord any decretory significance to [parties'] non-binding recommendations -- or even to require a sentencing court to explain why it decided to eschew those recommendations."). Muñoz has similarly not established that the district court's reliance on the incidence of gun violence in Puerto Rico was impermissible, particularly given the district court's specific explanation that Muñoz's actions in storing weapons thereby fueled gun violence in Puerto Rico. In addition, the applicable guidelines do not incorporate the district court's particular concerns related to the number and nature of the firearms involved, the amount of ammunition and drugs, or the other facts of the underlying offense. See United States v. Morales-Vélez, 100 F.4th 334, 343-44 (1st Cir. 2024) ("Accordingly, when a defendant is convicted under § 924(c)(1)(A)(i) and sentenced under section 2K2.4(b), neither the statute nor the applicable guideline accounts for the nature of machine guns, and the district court did not legally err in considering this factor in its upward variance analysis.").

And there is nothing in the record to suggest that the district court's explanation for the sentence was otherwise wanting, as it tied its upwardly varying sentence to the specific facts of the case, relying on the number of firearms, amount of

ammunition and drugs involved, Muñoz's admission that he was paid to store firearms for friends, and the dismissed charges. See United States v. Fuentes-Echevarria, 856 F.3d 22, 26 (1st Cir. 2017) ("When a court imposes a variant sentence, 'its reasons for doing so "should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender."'" (quoting United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013))); United States v. Díaz-Rivera, 957 F.3d 20, 28 (1st Cir. 2020) (noting that district "court also considered the seriousness of the other charges in the indictment, which the parties had agreed to dismiss pursuant to the plea agreement, and the need to deter future crimes.").

As to substantive reasonableness, despite the significant upward variance, Muñoz has not identified anything to suggest that the court's sentence was not supported by a plausible rationale or was not a defensible result. See United States v. Melendez-Hiraldo, 82 F.4th 48, 56 (1st Cir. 2023). Accordingly, Muñoz has not demonstrated that the district court erred in sentencing him to 144 months' total incarceration.

Affirmed. See 1st Cir. R. 27.0(c).