# United States Court of Appeals

## For the First Circuit

No. 14-1859

UNITED STATES OF AMERICA,

Appellee,

v.

OMAR PAULINO-GUZMAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Kayatta, Circuit Judges.

Jane Elizabeth Lee on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief,
Appellate Division, Susan Jorgensen, Assistant United States
Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney,
on brief for appellee.

December 9, 2015

**KAYATTA**, **Circuit Judge**. Following his guilty plea to one count of unlawful possession of a firearm, Omar Paulino-Guzman ("Guzman") appeals his 60-month sentence on the grounds that it is substantively unreasonable. After careful review of the record, we find that the district court did not abuse its discretion in relying in part on the sentence's supposed deterrent effect to justify an upward variance from a recommended sentencing range of 41-51 months.

## I. Background[1]

In the early morning of November 28, 2013, the Puerto Rico Police Department was alerted that a gas station's security alarm had been activated. When agents arrived at the gas station, they discovered that its front door had been broken. Nearby, they found a vehicle with its engine running and with no people inside. Soon thereafter, the agents saw two people--one of whom was later identified as Guzman--running out of the gas station with merchandise. Guzman got into the waiting vehicle and drove away. The agents followed Guzman and saw him crash the vehicle, scramble out, and flee. The police approached the vehicle and saw a loaded firearm, as well as a magazine with five additional rounds.

---

[1] On appeal from a guilty plea, we draw our facts from the plea colloquy and sentencing materials. United States v. Whitlow, 714 F.3d 41, 42 (1st Cir. 2013).

Guzman was arrested later that day and charged with one count of being a convicted felon in possession of a firearm.[2] On February 13, 2014, Guzman entered into a plea agreement with the government. Under the agreement, Guzman pled guilty, and both parties agreed to recommend that the court impose a prison term within the United States Sentencing Guidelines range corresponding to Guzman's total adjusted offense level of 21.[3] The court accepted Guzman's plea as knowingly and voluntarily made and ordered the probation office to prepare a Presentence Investigation Report ("PSR").

The PSR, as ultimately revised, calculated a criminal history score of 3, which placed Guzman in criminal history category ("CHC") II. The PSR calculated the guidelines sentencing range associated with a total offense level of 21 and a CHC of II as 41-51 months.

Guzman's sentencing hearing took place on July 23, 2014. Defense counsel, citing Guzman's low education level, troubled

---

[2] Guzman had previously been convicted of robbery and firearms offenses under Puerto Rico law.

[3] Due to Guzman's past conviction for a crime of violence, his base offense level for unlawful possession of a firearm was 20. See U.S.S.G. § 2K2.1(a)(4)(A). This base offense level was increased by four levels because Guzman possessed the firearm in connection with another felony offense, see U.S.S.G. § 2K2.1(b)(6)(B), and then reduced by three levels to reflect Guzman's acceptance of responsibility, see U.S.S.G. § 3E1.1, resulting in a total adjusted offense level of 21.

family background, drug problems, and aspirations to vocational training, recommended a low-end guidelines sentence of 41 months. The government, emphasizing that Guzman had been arrested only after he had caused property damage to a gas station and recklessly fled the scene, and referring to Guzman's past firearms offenses and pending state charges for the damage done to the gas station, recommended a high-end guidelines sentence of 51 months. The court reviewed the terms of the PSR and Guzman's criminal history, as well as "several juvenile adjudications which, though not considered for criminal history category points, may be considered by the Court as part of the [sentencing] factors" laid out in 18 U.S.C. § 3553(a). After noting that the PSR "satisfactorily reflects the components of [Guzman's] offense by considering its nature and circumstances," the court reviewed in considerable detail Puerto Rico's struggle with a high rate of murders, the role of firearms in those murders, and the perception that punishing the unlawful possession and use of firearms can reduce the number of murders. The court also cited our decision in United States v. Flores-Machicote, 706 F.3d 16 (1st Cir. 2013), as blessing its consideration of Puerto Rico's serious crime problem in sentencing for violent crimes.

Following this explanation of its concerns, the court then announced that it elected to "exercise its discretion and impose a variant sentence after considering all the provisions of

[18 U.S.C. § 3553(a)]."  The court sentenced Guzman to 60 months' imprisonment.  This appeal followed.[4]

## II.  Discussion

### A.  Standard of Review

We review the district court's sentencing decisions for reasonableness under an abuse of discretion standard.  United States v. Trinidad-Acosta, 773 F.3d 298, 308 (1st Cir. 2014) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).  Review is bifurcated: we first assure ourselves that the sentencing is free of procedural error before evaluating the sentence's substantive reasonableness in light of the totality of the circumstances.  See id. at 308-09.  Guzman alleges no procedural error, so we proceed immediately to the question of whether the district court abused its discretion by imposing a substantively unreasonable sentence.[5]

---

[4] Under the plea agreement, Guzman waived his right to appeal if the district court issued a sentence that aligned with the "terms, conditions, and recommendations" of the agreement. Because the court's 60-month sentence exceeded the parties' guidelines recommendations, Guzman's waiver does not deprive this court of jurisdiction over the appeal.

[5] Guzman concedes that he made no objection to his sentence in the district court.  Typically, when the defendant makes no objection to his sentence below, we set aside the challenged sentence only if the defendant can satisfy the demanding plain-error standard.  United States v. Padilla, 415 F.3d 211, 218 (1st Cir. 2005).  Guzman argues nonetheless that the plain-error standard should not apply to substantive reasonableness challenges.  This argument runs counter to circuit precedent.  See, e.g., United States v. Díaz-Bermúdez, 778 F.3d 309, 313-14 (1st Cir. 2015) (applying plain-error review to a substantive reasonableness challenge not raised below); United States v. Tavares, 705 F.3d 4, 33 (1st Cir. 2013) (same).  Regardless, the

## B.    Substantive Reasonableness

"The hallmarks of a substantively reasonable sentence are 'a plausible sentencing rationale and a defensible result.'" United States v. Díaz-Bermúdez, 778 F.3d at 313 (quoting United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)).  In assessing substantive reasonableness, a reviewing court must remain "mindful that deference to the trial court is a lineament of appellate review of federal criminal sentences" and that "sentencing courts may custom-tailor sentences to fit the distinctive circumstances of particular cases."  United States v. Del Valle-Rodríguez, 761 F.3d 171, 176 (1st Cir. 2014).  This custom-tailoring sometimes results in above-guidelines sentences.  See, e.g., Díaz-Bermúdez, 778 F.3d at 313-14 (affirming a sentence 48 months above a guidelines recommendation of 60 months).  Nevertheless, "[w]here, as here, a court imposes a sentence above the [guidelines sentencing range], it must justify the upward variance."  Del Valle-Rodríguez, 761 F.3d at 176.

Guzman argues that the district court here has provided no plausible sentencing rationale.  He concedes that the district court sought by its sentence "to deter [him] and others from . . .

---

government has failed to assert that plain-error review applies, and "[w]hen the government fails to request plain error review," we may "review the claim under the standard of review that is applied when the issue is properly preserved below." United States v. Encarnación-Ruiz, 787 F.3d 581, 586 (1st Cir. 2015). Accordingly, we proceed under an abuse of discretion standard.

future criminal behavior" but argues that the attenuated causal link between sentence length and deterrence renders this rationale implausible. This argument is foreclosed by precedent, which amply recognizes a sentence's deterrent signal as a legitimate basis for upward variance. See, e.g., United States v. Zapata-Vázquez, 778 F.3d 21, 24 (1st Cir. 2015). And, indeed, Congress not only permits the district courts to consider deterrence as a sentencing factor but mandates that they do so. See 18 U.S.C. § 3553(a)(2)(B).[6] Similarly, we have blessed consideration of local conditions in sentencing. See Flores-Machicote, 706 F.3d at 22–24.

To get around our precedent, Guzman argues that the district court here relied exclusively on community considerations in imposing an upwardly variant sentence and therefore did not satisfy its obligation to root its sentence in the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). But even were we to adopt the view that the community affected by Guzman's offense does not constitute one of the "circumstances of the offense," it

---

[6] Guzman adduces a number of sources that question the efficacy of lengthy sentences in achieving deterrence. But whether or not Guzman's arguments are meritorious, they are not new. See, e.g., Frank S. Dodge, Doing Justice, 19 A.F. L. Rev. 339, 339 (1977) (book review) (describing a 1976 study by the Committee for the Study of Incarceration that argued that "the length of incarceration was not necessarily important" to its deterrent effect).

is clear that the district court did not base its sentence exclusively on community considerations. It provided a lengthy run-down of Guzman's criminal history, including a number of juvenile adjudications, which it noted "may be considered . . . as part of the [sentencing] factors." It prefaced its discussion of community considerations with the statement that "[t]he Court has also considered the other sentencing factors set forth in [18 U.S.C. § 3553(a)]." And it concluded its discussion of the sentencing factors with a reference to Guzman's age, education, work history, and history of drug use. The context here thus makes clear that community considerations formed but part of a larger calculus.[7]

Finding Guzman's sentence supported by a plausible sentencing rationale, our only remaining task is to ask whether a 60-month sentence represents a defensible result. This need not detain us long. Each offense is associated with a "wide universe

---

[7] Guzman argues that the court's statement that the PSR "satisfactorily reflects the components of [Guzman's] offense by considering its nature and circumstances" should be read as an indication that it accepted the guidelines range as appropriate for Guzman's conduct and that any upward variance from the guidelines range is therefore attributable to the court's weighing of community considerations. Even were we to assume that sentencing courts typically employ such conceptual partitions, the court's statement here does not indicate that it did so. The court's statement should be read alongside its related statement that it had "reviewed the guideline calculations and [found] that the probation officer [had] correctly calculated the guideline adjustments." It seems that the court was merely indicating that it found no fault with the preparation of the PSR.

of reasonable sentences." United States v. Santiago-Rivera, 744 F.3d 229, 234 (1st Cir. 2014). Given the district court's concern for the unique problem of firearms in Puerto Rico and for Guzman's criminal history--including his prior firearms offenses--we cannot say that a 60-month sentence, representing a 9-month upward variance from the recommended guidelines sentence, is outside the universe of reasonable sentences for an offense with a statutory maximum of 120 months. See 18 U.S.C. § 924(a)(2).

### III. Conclusion

Finding that the district court acted within its discretion in imposing a variant sentence, Guzman's sentence is affirmed.