# United States Court of Appeals
## For the First Circuit

No. 16-2399

UNITED STATES OF AMERICA,

Appellee,

v.

JESÚS MANUEL LAUREANO-PÉREZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Boudin, and Barron,
Circuit Judges.

Jeannine N. Rodríguez and JNR Law Group on brief for appellant.

Rosa Emilia Rodríguez-Vélez, United States Attorney, and Kelly A. Zusman, Assistant United States Attorney, on brief for appellee.

June 8, 2018

**BOUDIN**, **Circuit Judge**. Jesús Manuel Laureano-Pérez ("Laureano") appeals his sentence following his guilty plea in the district court to a two-count indictment. One count charged Laureano with possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); the other with unlawful possession of a machine gun, 18 U.S.C. § 922(o). After a hearing, the district court on November 2, 2016, sentenced Laureano to sixty months' imprisonment on each count, to be served concurrently. Along with other terms, the sentence directed periodic drug testing of the defendant during his subsequent supervised release.

The background facts are these. On May 5, 2016, Puerto Rico police agents investigating drug dealing in San Juan saw Laureano standing by a car and, when he in turn saw their marked police car, he fled on foot. The police pursued him and later said they saw Laureano draw a firearm from a fanny pack, throw it over a fence, and toss the other contents of the fanny pack on the ground. The police recovered the firearm, high-capacity magazines for the weapon, and four cell phones. The authorities then discovered that Laureano, at the time he fled, had been serving a term of supervisory release following his federal conviction in 2013 of possession of cocaine with intent to distribute. 21 § U.S.C. 841(a)(1).

In due course, Laureano pled guilty to both counts arising out of the fanny pack incident. At the sentencing hearing,

the district court learned that two days prior, the judge in Laureano's original drug distribution case ordered him to serve two additional years of incarceration for violating his supervised release terms.

As for the firearm charges stemming from the fanny pack incident, the district court determined that the guideline sentencing range for both counts was thirty-seven to forty-six months in prison, although the machine gun statute allowed for a sentence up to and including ten years' imprisonment. 18 U.S.C. § 924(a)(2). The government requested a sentence at the top of the guideline range, forty-six months. Defense counsel requested a sentence of thirty-seven months. The district court ultimately varied from the guideline recommendation, imposing a sentence of sixty months on each count, to run concurrently. Laureano also received a three-year term of supervised release for each count, to be served concurrently. The new prison sentence would run consecutive with the twenty-four-month sentence on revocation that Laureano received the prior day, with the new sentence to be served first.

On this appeal, Laureano first objects to the sixty-month sentences. Laureano argues that the district court improperly relied on community considerations and in doing so, failed to explain why an upward variance was warranted.

Just before the end of the sentencing hearing, defense counsel offered a portmanteau reference to the procedural and substantive unreasonableness of the sentence--a classic general objection rather than a specific one. United States v. Matos-de-Jesús, 856 F.3d 174, 177-178 (1st Cir. 2017); United States v. Soto-Soto, 855 F.3d 445, 448 n.1 (1st Cir. 2017). Our circuit case law is in some disorder, see United States v. Millán-Román, 854 F.3d 75, 80–81 (1st Cir. 2017); United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015); United States v. Ruiz-Huertas, 792 F.3d 223, 228 & n.4 (1st Cir. 2015), but whether reviewed for abuse of discretion or for plain error, the district court's position stands.

During sentencing, the district court judge referred to "violent crimes and murders" occurring in "these weapons cases" and an uptick in the number of murders in Puerto Rico. He also referred to a joint firearms initiative and local law enforcement strategies to curtail the murder rate.

A district court has considerable latitude to vary above or below the once rigidly enforced guidelines sentencing range, Gall v. United States, 552 U.S. 38, 47-49 (2007), but some reason must be given or apparent from context. Additionally, any sentence must concern itself primarily with the circumstances and behavior of the defendant. United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013) (a variance "'should typically be rooted either

in the nature and circumstances of the offense or the characteristics of the offender.'" (quoting United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008))).

Although the district court judge considered community considerations, he did not ignore Laureano's individual circumstances, nor did he fail to justify the variance. See United States v. Paulino-Guzman, 807 F.3d 447, 450-451 (1st Cir. 2015). The judge explicitly discussed Laureano's age, education, and work history, before noting the seriousness of the offense, respect for law, and deterrence. See id. at 451. The judge then described Laureano's firearm offenses, including Laureano fleeing with his machine gun.

Recent First Circuit decisions by successive panels have upheld variances on similar facts, despite a possible argument that this disregards the conventional rationale for variances. United States v. Garay-Sierra, 885 F.3d 7, 15-16 (1st Cir. 2018) (Thompson, J.); United States v. Fuentes-Echevarria, 856 F.3d 22, 25-26 (1st Cir. 2017) (Howard, C.J.); United States v. Vázquez, 854 F.3d 126, 130 (1st Cir. 2017) (Torruella, J.); Paulino-Guzman, 807 F.3d at 450-51 (Kayatta, J.); United States v. Díaz-Arroyo, 797 F.3d 125, 129-130 (1st Cir. 2015) (Selya, J.). Given these precedents, the district court did not even arguably commit error.

Laureano's other claim on appeal is that the district court erred in subjecting him to a drug testing requirement.

Although fairly alerted by the Probation Officer's recommendation, counsel made no specific objection to the testing requirement when first raised as a possibility or when finally imposed. The defendant forfeited his objection and his claimed error, if it occurred, is not plain error. United States v. Garrasteguy, 559 F.3d 34, 40 (1st Cir. 2009) (collecting cases).

The Probation Officer recommended random drug testing, which was a supervised release condition previously imposed following Laureano's incarceration for the 2013 drug conviction. Laureano did not object to the condition and so the district court had no occasion to discuss it, but the court's reasoning is easily discerned. United States v. Quiñones-Otero, 869 F.3d 49, 51-52 (1st Cir. 2017). As a convicted drug dealer, Laureano could have had ample access to drugs, and he declined to give a urine sample when arrested in this case. Further, given that the new offense occurred while Laureano was on supervised release for his prior drug offense, the district court clearly considered the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), in its imposition of random drug screens. The condition is thus reasonably related to the legitimate objectives of supervised release. United States v. Colón de Jesús, 831 F.3d 39, 44-45 (1st Cir. 2016).

**Affirmed**.