# United States Court of Appeals
## For the First Circuit

No. 17-1779

UNITED STATES OF AMERICA,

Appellee,

v.

HEISSAN HERNÁNDEZ-RAMOS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Boudin and Barron, Circuit Judges.

Alex Omar Rosa-Albert on brief for appellant.
Francisco A. Besosa-Martinez, Assistant United States
Attorney, Rosa Emilia Rodriguez-Velez, United States Attorney, and
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, on brief for appellee.

October 15, 2018

**BOUDIN, <u>Circuit Judge</u>**. Heissan Hernández-Ramos ("Hernández") appeals to contest his sixty-month prison sentence following a guilty plea entered in district court to two offenses: being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and unlawfully possessing a machine gun, <u>id.</u> § 922(o).

On September 1, 2016, Puerto Rico police officers were patrolling in the vicinity of the Luis Llorens-Torres Public Housing Project in San Juan. As the officers approached a group gathered near a known drug distribution point, one man, Hernández, pulled a firearm from his waist and fled, throwing down the firearm. The police captured Hernández and recovered the gun, which proved to have been modified to fire as an automatic weapon.

Hernández pled guilty to both counts. Based on a total offense level of seventeen and a criminal history category ("CHC") of III, the presentence report stipulated a guidelines imprisonment range of thirty to thirty-seven months. At sentencing, the government sought a sentence at the top of the guidelines range. The government argued that Hernández had previously been convicted of crimes involving weapons and threatening public officers, serving time for one such crime, and that messages on his cell phone suggested his involvement in selling drugs and high-capacity firearm magazines. Defense counsel requested a twenty-four-month sentence, a six-month downward variance.

The district court, in no way bound by the parties' sentencing recommendations whether the parties agree or differ, United States v. Rivera-González, 776 F.3d 45, 51 (1st Cir. 2015), varied upward based on the severity of the offense and related conduct, Hernández's criminal history and past behavior, and the need to deter Hernández and other individuals from committing firearms offenses. The court noted Puerto Rico's continuing experience with gun violence, a permissible sentencing consideration provided the court does not "ignore [a defendant's] individual circumstances." United States v. Laureano-Pérez, 892 F.3d 50, 52 (1st Cir. 2018).

The court sentenced Hernández to sixty months in prison to be followed by three years of supervised release. The court's summary of its reasoning was as follows:

> [T]his is an individual who continues to threaten other individuals, has had weapons when he's threatened others, and has . . . semiautomatic or a machine gun-type firearms in his possession, he's carrying them. He's also distributing controlled substances or trafficking firearms. Even though he's not charged with that here, it is something the Court can consider. So, I find in this particular case an upward variance is warranted.
>
> And I find that given all the factors that I just mentioned along with the community geographic factors, the recidivism he has shown, the type of firearm he was carrying, and also the fact that his cell phone reveals that he is selling minor amounts of drugs and also trafficking or attempting to traffic ammunition, the Court finds that a sentence of 60 months is sufficient but not greater than necessary.

Defense counsel objected to the sentence as "procedurally unreasonable." The court answered: "What you're talking about is 'substantively unreasonable.' Object to both and preserve it for the record." Defense counsel replied, "Right. Substantively and procedurally unreasonable . . . for the record."

On appeal, Hernández's sole claim is that the variant sentence was excessive and thus substantively unreasonable. Reviewing for abuse of discretion, Gall v. United States, 552 U.S. 38, 56 (2007), this case is a clear affirmance.

Hernández repeatedly points out that the district court's sentence doubled the lower end of the guidelines range, but the more pertinent figure for our analysis is the distance between the upper end of the guidelines range and the imprisonment term. When examining this variance, we recognize that "a major departure should be supported by a more significant justification than a minor one." Id. at 50.

The upper end of the guidelines range was just over three years, and Hernández received a five-year sentence for two offenses for which Congress in each case fixed ten years as the statutory maximum, 18 U.S.C. § 924(a)(2), making difficult a claim that the sentence here was "outside the universe of reasonable sentences . . . ." United States v. Paulino-Guzman, 807 F.3d 447, 451 (1st Cir. 2015). What matters more than generalities are Hernández's own conduct and history as well as the force of the district

court's reasoning.

Hernández contends that because his offense conduct and personal characteristics were already considered by the Probation Officer in calculating the guidelines sentence, the judge double-counted the same factors in relying on them to justify the variance.

The offense conduct and the defendant's criminal history form the foundation of most guidelines calculations. Hernández's double-counting argument, if embraced, would render every variance based on offense conduct and the defendant's characteristics unreasonable. Accordingly, this court has rejected this argument, permitting consideration of a defendant's prior criminal history in both the CHC determination and the section 3553(a) variance analysis. United States v. Maisonet-González, 785 F.3d 757, 763-64 (1st Cir. 2015).

Hernández also says that the district court assigned too much weight to community factors and failed to individually tailor his sentence. The sentencing transcript shows that the court discussed Hernández's age, education, family background, and escalating criminal history--including incidents in which he had threatened law enforcement officers--before analyzing the seriousness of the offense and the need to promote deterrence. Past decisions have upheld similar variances. Laureano-Pérez, 892 F.3d at 52-53 (collecting cases). The variance, although

substantial, was lawfully imposed and adequately explained.

Finally, Hernández argues that the government stood by its recommendation of a sentence within the guidelines range, so it would be "unbecoming" for the government to defend the variance on appeal.  This, however, is quite common: "As an appellee, the government is tasked, in effect, with defending the district court's judgment when a criminal defendant appeals."  United States v. Carbajal-Váldez, 874 F.3d 778, 786 (1st Cir. 2017).  And no matter the propriety of the government's defense, the outcome is our responsibility.

**Affirmed.**