# United States Court of Appeals
## For the First Circuit

Nos. 17-1181, 18-1047

UNITED STATES OF AMERICA,

Appellee,

v.

WILLIAM NOEL MORALES-NEGRÓN,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Kayatta, Circuit Judges.

Franco L. Pérez Redondo, with whom Eric Alexander Vos, Federal Public Defender, Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, and Liza L. Rosado-Rodríguez, Research and Writing Specialist, were on brief, for appellant.
Kaitlin E. Paulson, Appellate Section, Criminal Division, U.S. Department of Justice, with whom Mainon A. Schwartz, Assistant United States Attorney, Rosa Emilia Rodríguez-Vélez, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

September 8, 2020

**HOWARD**, **Chief Judge**.  William Noel Morales-Negrón ("Morales") was apprehended in February 2016 by Drug Enforcement Administration agents and U.S. Marshal Service deputies during a search for fugitives in Yauco, Puerto Rico.  In the course of the apprehension, Morales fled from the agents, throwing a fanny pack onto the roof of a nearby residence as he tried to escape by running across adjacent rooftops.

The agents arrested Morales and seized the fanny pack, which contained one loaded Glock pistol modified to fire as a machinegun.  Agents also seized four Glock magazines (including one high-capacity magazine), fifty-seven rounds of ammunition, various drugs, and 700 dollars.  A background check revealed that Morales had an outstanding arrest warrant for a state probation violation.

A federal grand jury indicted Morales for being a felon in possession of a firearm and ammunition, 18 U.S.C. § 922(g)(1), and for unlawfully possessing a machinegun, 18 U.S.C. § 922(o). He pled guilty to both counts without a plea agreement.

At sentencing, the district court noted that Morales faced a total offense level of seventeen, a criminal history category of IV, and a guideline sentencing range ("GSR") of thirty-seven to forty-six months' imprisonment.  The government advocated for forty-six months, stressing that Morales had been apprehended

with a loaded machinegun "capable of inflicting damage beyond . . . other types of firearms." Morales requested a thirty-seven-month sentence, emphasizing his traumatic upbringing and violent episodes between his parents, his struggles with substance abuse, his physical and mental health issues, and his need to provide for his children.

The court determined that an above-guidelines sentence was warranted for "plenty of reasons": Morales had "[t]wice [been] given very lenient sentences" for previous offenses and twice had his supervised release revoked; Morales had abandoned his last court-ordered treatment program and was a fugitive at the time of his arrest; Morales's crime had facilitated the use of dangerous weapons "in the streets by members of a drug organization"; and, in light of Puerto Rico's rising homicide rate, his conduct was particularly grave.

The court also emphasized that the evidence contradicted Morales's claims that, by the time of his arrest, he had rehabilitated himself and ceased engaging in illegal conduct or associating with individuals in the drug or weapons business. The court ultimately sentenced Morales to seventy months in prison.

Six months later, Morales filed a motion in the district court to access the written Statement of Reasons ("SOR") in order to prepare his appeal. Eventually, the district court denied the request, explaining that "[f]or sentencing and appeal purposes the

3

grounds upon which a sentence is based are specifically outlined on the record and not reflected within the SOR." The court added that any "technical discrepancies within the SOR or even the judgment entered are corrected based on the record of in court proceedings which controls and specifies the criteria for and the sentence imposed."

Morales appeals his sentence on procedural and substantive grounds and challenges the district court's denial of his motion to access the SOR.

First, Morales argues that the district court "committed procedural error by unduly relying on conjecture to impose an upward variant sentence." Specifically, Morales challenges the district court's factual findings concerning Morales's connection to a video, which Morales says the court relied on in rejecting his claim that he had rehabilitated himself already.

Selecting a sentence "based on clearly erroneous facts" constitutes a significant procedural error. See United States v. Millán-Isaac, 749 F.3d 57, 66 (1st Cir. 2014). Morales and the government dispute whether Morales properly preserved this procedural objection, but Morales's claim fails even under the clear-error standard of review applicable to preserved claims. See United States v. Molloy, 324 F.3d 35, 39 (1st Cir. 2003).

The video at issue, obtained from Morales's cell phone, depicts two men sleeping on a rooftop and a rifle resting against

4

a nearby wall.  An unidentified male is heard off-screen saying in Spanish, "in spite of the fact of what I had told you last night, you didn't even safe keep it."  The video was taken six months before Morales's arrest.

The district judge said that the two men sleeping appeared to be keeping guard with the rifle on the rooftop and that another photo from Morales's cell phone showed Morales holding the same rifle on the same rooftop just two months before his arrest.  Morales, the court inferred, plainly had contact with the people, the premises, and the rifle shown in the video.

Morales contests that there is sufficient evidence to support this inference.  The "inferences [a sentencing court] draws from th[e] evidence need not be compelled but, rather, need only be plausible."  United States v. Nuñez, 852 F.3d 141, 146 (1st Cir. 2017).

Here, based on a visual comparison, the court plausibly found that the rifle and the rooftop in the photo and video were the same.  And from the presence of the video on Morales's cell phone, as well as his admissions to law enforcement that he had delivered weapons to and associated with individuals in the drug and weapons business, the court also plausibly inferred that Morales had contact with the men depicted in the video.

Any error would also be harmless, see United States v. Fernández-Garay, 788 F.3d 1, 5 (1st Cir. 2015), because other

5

recent photos of Morales posing with weapons, the weapons and ammunition seized from Morales after his arrest, and his admissions to law enforcement gave the court ample reason to reject his assertions that he had rehabilitated himself already.

Second, Morales contends his sentence is substantively unreasonable because the district court "did not properly balance[] the § 3553(a) factors." Review is for abuse of discretion, United States v. Vargas-García, 794 F.3d 162, 165 (1st Cir. 2015), and here there was none.

Morales alleges that the district court mis-weighed relevant factors, giving too much weight to his prior convictions and too little weight to his personal circumstances, rehabilitation efforts, and role in the instant offense. But "a disagreement with the district court's weighing of the different sentencing factors" does not alone constitute error. United States v. Contreras-Delgado, 913 F.3d 232, 242 (1st Cir. 2019) (quotations omitted). The "hallmarks of a substantively reasonable sentence are a plausible sentencing rationale and a defensible result." United States v. Caballero-Vázquez, 896 F.3d 115, 122 (1st Cir. 2018) (quotations omitted).

Here, the district court provided several plausible rationales for the upward variance. These included the substantial amount of ammunition and multiple-high-capacity magazines involved in the offense, the lenience shown toward Morales at his prior

sentencings, the need for specific deterrence, given Morales's repeated flouting of court-imposed conditions, and the prevalence of gun violence in Puerto Rico.

As the district court noted, we previously have upheld similarly sized variances on similar facts. See, e.g., United States v. Vázquez, 854 F.3d 126, 129-130 (1st Cir. 2017); United States v. Díaz-Arroyo, 797 F.3d 125, 129-130 (1st Cir. 2015). Thus, Morales's sentence is within the "universe of reasonable sentences." United States v. Alejandro-Rosado, 878 F.3d 435, 440 (1st Cir. 2017).

Morales also appeals from the district court's order denying him access to the SOR. Given the adequacy of the court's oral explanation at sentencing, the court's failure to grant access to the SOR does not provide grounds to vacate Morales's sentence or stay the merits portion of this appeal. On the other hand, we see no basis for withholding the document from Morales here. So we remand for the limited purpose of having the district court docket the SOR and grant defense counsel's request for access.

The SOR is an outgrowth of the statutory framework governing the United States Sentencing Commission. 28 U.S.C. § 991. 28 U.S.C. § 994(w)(1)(B) provides that:

> The Chief Judge of each district court shall ensure that, within 30 days following entry of judgment in every criminal case, the sentencing court submits to the Commission, in a format approved and required by the Commission, a written report of the

7

> sentence, the offense for which it is imposed, the age, race, sex of the offender, and information regarding factors made relevant by the guidelines. The report shall also include . . . the written statement of reasons for the sentence imposed (which shall include the reason for any departure from the otherwise applicable guideline range and which shall be stated on the written statement of reasons form issued by the Judicial Conference and approved by the United States Sentencing Commission).

The federal sentencing statute incorporates this requirement, noting that a court imposing a non-Guidelines sentence must state the reasons for the sentence "with specificity in a statement of reasons form." 18 U.S.C § 3553(c)(2).

Historically the SOR was publicly available as part of the judgment; but, in 2001, the Judicial Conference determined that SORs should no longer be disclosed to the public to protect the identity of cooperating defendants. See United States Judicial Conference Report, March 14, 2001, at 17 (available at https://www.uscourts.gov/sites/default/files/2001-03.pdf); see also Administrative Office of US Courts, Memorandum re: Policy Change Restricting Routine Public Disclosure of Statement of Reasons, at 2 (Aug. 13, 2001). In 2010, Congress decoupled the SOR from the judgment to facilitate the 2001 change. See Federal Judiciary Administrative Improvements Act of 2010, Pub. L. No. 111-174, § 4, 124 Stat. 1216. As part of its determination, the Judicial Conference specified that "the Statement of Reasons[] will continue to be forwarded to appropriate entities, such as the

8

United States Sentencing Commission, the Federal Bureau of Prisons, defense counsel, government attorneys, and the appellate courts." United States Judicial Conference Report, at 17.

The standing order in the District of Puerto Rico also presumes that, upon request, defense counsel can obtain access to the SOR. Standing Order No. 17-205 (April 28, 2017), https://www.prd.uscourts.gov/sites/default/files/documents/88/ge neral%20standing%20order 0.pdf. This order provides that, once finalized, the SOR shall be docketed electronically under seal and that "[r]equests for access by the United States Attorney or by trial or appellate counsel shall be granted by order of the Court." Id. (emphasis added).

An SOR "serves a largely administrative purpose," United States v. Vazquez-Martinez, 812 F.3d 18, 25 (1st Cir. 2016), by helping the Commission gather data on criminal sentences in order to make recommendations to Congress. Accord, e.g., United States v. Lee, 897 F.3d 870, 874-75 (7th Cir. 2018); United States v. Jackson, 848 F.3d 460, 464 (D.C. Cir. 2017).

A district court's failure to docket, or even complete, an SOR "does not require vacation of the sentence absent a showing of prejudice." United States v. Fields, 858 F.3d 24, 31 (1st Cir. 2017); see also United States v. Pagán-Walker, 877 F.3d 415, 417 (1st Cir. 2017). When a defendant receives an adequate in-court explanation for the sentence, this Court has repeatedly held that

showing cannot be made. See United States v. Pedroza-Orengo, 817 F.3d 829, 837 (1st Cir. 2016); see also Vazquez-Martinez, 812 F.3d at 25.

Here, there is nothing to suggest that the contents of the SOR--even if they contained some discrepancy or error, as Morales alleges they might--in any way affected or undercut the district court's sentencing decision. Indeed, when "the district court's oral expression of its sentencing rationale varies materially from its subsequent written expression of that rationale, appellate courts have tended to honor the former at the expense of the latter." United States v. Muniz, 49 F.3d 36, 42 n.5 (1st Cir. 1995). This makes particular sense here because the SOR, though ultimately sent to the sentencing judge for final approval, is prepared by the U.S. Probation Office, after sentencing, based on the judge's prior in-court statements. Standing Order No. 17-205 (April 28, 2017).

Accordingly, because Morales cannot establish how any error in the SOR would invalidate his otherwise justifiable sentence and therefore prejudice his case, Morales cannot show that the district court's denial was erroneous because the document was necessary for his appeal.

Morales offers an alternative argument, however: that, even if the SOR is immaterial to his sentence and his appeal, the district court cannot simply deny him access to a document

10

associated with his own criminal case.

Decisions are seemingly rare, if any exist, as to whether a district court can deny defense counsel access to the SOR.  But the Second Circuit has said that even if the SOR has no bearing on a defendant's sentencing appeal, denying defense counsel access to the SOR would nonetheless be "cause for concern."  United States v. Espinoza, 514 F.3d 209, 212 n.5 (2d Cir. 2008).

In Puerto Rico, the practice is that the SOR be made available to defense counsel upon request.  Standing Order No. 17-205 (April 28, 2017).  Judicial Conference policy also indicates that the SOR will be available to counsel directly involved in the case.  United States Judicial Conference Report, at 17; see also In re Sony BMG Music Ent., 564 F.3d 1, 6 (1st Cir. 2009) (explaining that Judicial Conference policy, "even if not binding in the strictest sense, is not lightly to be discounted, disregarded, or dismissed").  And concealment without a given reason or a reason that otherwise should be obvious to the defendant invites avoidable suspicion.  We affirm the sentence, but remand for the district court to docket a sealed copy of the SOR and grant defense counsel's request for access.

**It is so ordered.**

11