# United States Court of Appeals
## For the First Circuit

No. 18-1863

UNITED STATES,

Appellee,

v.

SHAQUILLE RAMÍREZ-ROMERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Thompson, Boudin, and Barron,
Circuit Judges.

Julie Soderlund on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, and Julia M.
Meconiates, Assistant United States Attorney, on brief for
appellee.

December 4, 2020

**BOUDIN, <u>Circuit Judge</u>.** Shaquille Ramírez-Romero was arrested when Puerto Rico police officers searched the car he was in and found a loaded Glock pistol modified to fire automatically, along with two other pistols and two high-capacity magazines. Ramírez-Romero pleaded guilty to one count of unlawfully possessing a machinegun (the modified Glock pistol), 18 U.S.C. § 922(o).

The parties reached a plea agreement that included a proposed calculation under the sentencing guidelines. However, the presentence report ("PSR") contained a different guideline calculation, which yielded a higher total offense level because it considered facts not charged in the indictment (Ramírez-Romero's drug use and the two additional guns in the car).

Ramírez-Romero objected in writing to the PSR, arguing that calculating his offense level based on conduct not charged in the indictment was erroneous.

At Ramírez-Romero's sentencing hearing, the court concluded that the guideline calculation in the PSR was correct and Ramírez-Romero's guideline sentencing range ("GSR") was thirty-seven to forty-six months. After weighing the relevant sentencing factors, the court determined that a sentence outside the guidelines range was necessary. It sentenced Ramírez-Romero to sixty months.

Ramírez-Romero argues first that the district court erred when it calculated his GSR using conduct not charged in the indictment. United States Sentencing Guidelines ("U.S.S.G.") § 1B1.3 instructs sentencing courts to consider "relevant conduct" when calculating the GSR for certain offenses, including Ramírez-Romero's. See U.S.S.G. §§ 3D1.2(d), 2K2.1 (U.S. Sentencing Comm'n 2017). "Relevant conduct" includes a broad range of acts and omissions if they are "part of the same course of conduct or common scheme or plan as the offense of conviction," U.S.S.G. § 1B1.3(a)(2), and must be proven by a preponderance of the evidence, United States v. González, 857 F.3d 46, 58-59 (1st Cir. 2017). The district court properly found that Ramírez-Romero's drug use and the presence of the two other guns at his arrest constituted relevant conduct. See U.S.S.G. § 1B1.3(a)(1) and (2).

Ramírez-Romero briefly argues that these findings were not supported by a preponderance of the evidence. But not only did Ramírez-Romero admit to using marijuana daily from the age of fourteen, he also gave a urine sample that tested positive for marijuana the day after his arrest. And in his objections to the PSR, Ramírez-Romero did not dispute that there were multiple firearms present at his arrest.

Ramírez-Romero next argues that the sentencing court improperly relied on an arrest that was unsupported by probable cause. Although "no weight should be given in sentencing to

- 3 -

arrests not buttressed by convictions or independent proof of conduct," United States v. Marrero-Pérez, 914 F.3d 20, 22 (1st Cir. 2019), it is also true that "a sentencing court does not abuse its discretion merely by reciting a defendant's arrest record," United States v. Díaz-Lugo, 963 F.3d 145, 153-54 (1st Cir. 2020).

Here, the district court mentioned Ramírez-Romero's 2016 arrest only once, as part of a recitation of his criminal history, and it did note that no probable cause was found. When the court again mentioned his record in weighing the sentencing factors under 18 U.S.C. § 3553(a), it mentioned only his "juvenile violations for possession of weapons and controlled substances."

Finally, Ramírez-Romero argues that the district court erred when it denied him access to the written Statement of Reasons ("SOR"). "A district court's failure to docket, or even complete, an SOR 'does not require vacation of the sentence absent a showing of prejudice.'" United States v. Morales-Negrón, 974 F.3d 63, 68 (1st Cir. 2020) (quoting United States v. Fields, 858 F.3d 24, 31 (1st Cir. 2017)).

Here, the district court explained that Ramírez-Romero's sentence was based on his "record[,] . . . his need for treatment, . . . the community's being placed at risk and the high incidence [of gun crimes] and criminality rate" in Puerto Rico. That is enough: although we again remind the district court that 18 U.S.C. § 3553(c) requires a sentencing judge to provide adequate

- 4 -

explanation for his or her sentences, we have noted the statement "need not be either lengthy or detailed." United States v. Turbides-Leonardo, 468 F.3d 34, 40 (1st Cir. 2006).

Lastly, Ramírez-Romero seeks access to the SOR. In Morales-Negrón, 974 F.3d at 69, where the district court denied counsel access to the SOR, we noted that Judicial Conference policy was that the SOR should be made available to defense counsel on request. Id. at 68.

Ramírez-Romero's sentence is affirmed but the case is remanded to give defense counsel access to the SOR.

**It is so ordered.**