# United States Court of Appeals
## For the First Circuit

Nos. 18-1607, 19-1118

UNITED STATES OF AMERICA,

Appellee,

v.

CARMELO GONZALEZ-FLORES,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., Chief U.S. District Judge]

Before

Kayatta, Boudin, and Barron,
Circuit Judges.

Eric Alexander Vos, Federal Public Defender, Vivianne M. Marrero, Assistant Federal Public Defender, and Melanie Matos-Cardona, Research and Writing Specialist, on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

February 18, 2021

**BOUDIN**, <u>Circuit Judge</u>.  While walking on a public street in San Lorenzo, Carmelo Gonzalez-Flores ("Gonzalez") pointed a firearm at two Puerto Rico police officers.  When the officers identified themselves as police, Gonzalez dropped the gun and ran.  The officers arrested him.  Gonzalez pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1).

His guidelines sentencing range ("GSR") was thirty-three to forty-one months.  The government argued for an upwardly variant sentence of sixty months.  The district court sentenced him to 120 months of imprisonment and three years of supervised release -- the statutory maximum.  It also denied Gonzalez's request to access the written Statement of Reasons ("SOR").  Gonzalez appealed both the sentence and the district court's order denying access to the SOR.

Gonzalez first argues that the district court failed to consider certain sentencing factors under 18 U.S.C. § 3553(a).  He also claims that the district court failed to adequately explain how it had weighed the other factors, or why this particular sentence was appropriate.  Our review is for abuse of discretion. <u>United States</u> v. <u>Dávila González</u>, 595 F.3d 42, 47 (1st Cir. 2010).

The upward variance in this case was dramatic, and the greater a variance from the GSR, the more robust the sentencing court's explanation must be.  <u>United States</u> v. <u>Fields</u>, 858 F.3d

24, 31 (1st Cir. 2017).  Here, the sentencing court thoroughly explained the factors underlying its decision.

It started with Gonzalez's criminal history: in 1997, Gonzalez was convicted of violating Puerto Rico's domestic violence law by beating and threatening to kill his then-partner in front of children.  Less than two years later, he was arrested and later convicted for shooting an illegally possessed gun into the air.  Because those convictions were more than fifteen years old, they did not factor into his GSR.

Shortly after his second arrest, he was convicted of second-degree murder.  He was released after serving about fifteen years of his twenty-five-year sentence, and his arrest in this case happened just over two years later.

Gonzalez argues that the court's reliance on his criminal history and the type of weapon he possessed is misplaced, since those factors are taken into account under the sentencing guidelines.  "When a factor is already included in the calculation of the guidelines sentencing range, a judge who wishes to rely on that same factor to impose a sentence above or below the range must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the guidelines calculation."  United States v. Zapete-Garcia, 447 F.3d 57, 60 (1st Cir. 2006).

Gonzalez, noted the court, had not one but three prior felony convictions, two for violent crimes and two of which involved illegal possession of a firearm. The court also noted that in this case he didn't just possess any firearm, he possessed a weapon modified to fire automatically[1] and 43 rounds of ammunition. The district court explained that Gonzalez's criminal history score did not take into account the seriousness of his previous crimes or several troubling patterns that distinguish Gonzalez's case from the ordinary: repeated violence, weapons involvement (a community-based factor entitled to special weight given the current prevalence of gun crimes in Puerto Rico, see United States v. Flores-Machicote, 706 F.3d 16, 22-23 (1st Cir. 2013)), and recidivism shortly after release from prison, see United States v. Vázquez-Martínez, 812 F.3d 18, 24 (1st Cir. 2016). These patterns suggest that other sentencing factors, like public protection and deterrence, point in favor of a longer sentence. Further, the district court was entitled to base an upward variance on the especially destructive nature of the gun (here, one modified with an internal chip) and the amount of ammunition that Gonzalez

---

[1] The prosecution asserted at sentencing that the gun had been modified to shoot automatically, and Gonzalez did not object. The court did seem to treat the gun as semiautomatic rather than automatic ("The firearm has been modified to shoot in semiautomatic mode . . . ."), but relied heavily on the especially dangerous nature of the weapon.

possessed, where those considerations were not adequately accounted for in the guidelines. See United States v. Bruno-Campos, 978 F.3d 801, 806 (1st Cir. 2020). The district court also relied on the specific circumstances of the crime, which involved the defendant pointing his firearm directly at the officers before fleeing.

Gonzalez's argument that the district court failed to consider other relevant factors is also meritless. As an initial matter, a sentencing court need not address the § 3553(a) factors "one by one, in some sort of rote incantation." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). But even if that were not true, the court did consider the mitigating factors Gonzalez emphasizes, including his age, education level, current familial support and job prospects. The judge acknowledged these circumstances, but thought they were outweighed by countervailing factors. Nor did the court ignore the other § 3553(a) factors. For each one -- the need for the sentence to promote respect for the law, deterrence, and public protection -- the court explained why, in its view, an especially long sentence was necessary. And while Gonzalez points out that the district court did not expressly consider his acceptance of responsibility in analyzing the § 3553(a) factors, the plain text of § 3553(a) does not suggest that this was error, and Gonzalez does not cite any authority holding otherwise.

Gonzalez next argues that his sentence is just too long. Long it certainly is, but his criminal history is remarkable. "Too long" is a matter of judgment, and the court's judgment to us does not seem devoid of a "plausible sentencing rationale and a defensible result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008). Given the district court's superior coign of vantage and considerable discretion in sentencing, we will not disturb its decision to impose the upward variance based on the above considerations. See United States v. Prosperi, 686 F.3d 32, 42-43 (1st Cir. 2012).

Finally, Gonzalez argues that he should have been allowed to access his SOR. Without a compelling reason for nondisclosure, the sentencing court should provide a sealed copy of the SOR to the parties upon request. See United States v. Morales-Negrón, 974 F.3d 63, 67-69 (1st Cir. 2020); United States v. Ramírez-Romero, 982 F.3d 35, 37 (1st Cir. 2020). However, a district court's failure to provide the defendant with access to the SOR "does not require vacation of the sentence absent a showing of prejudice," Fields, 858 F.3d at 31, which Gonzalez has not made.

Gonzalez's sentence is affirmed but the case is remanded to give defense counsel access to the SOR.

It is so ordered.