**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 20-1888

UNITED STATES OF AMERICA,

Appellee,

v.

FÉLIX VEGA-LA TORRES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco Besosa, U.S. District Judge]

Before

Thompson, Lipez, and Gelpí,
Circuit Judges.

Franco L. Pérez-Redondo, Assistant Federal Public Defender, with whom Eric Alexander Vos, Federal Public Defender, and Kevin E. Lerman, Research and Writing Specialist, were on brief, for appellant.
Gregory B. Conner, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

July 14, 2022

THOMPSON, **Circuit Judge**.  Arrested near a drug point with a Glock pistol altered to fire automatically, Defendant later pled guilty under a plea agreement to illegally possessing a machine gun (indictment count 2).  The government agreed not to prosecute him for possessing a gun and ammo as a felon (indictment count 1) and possessing a gun with an obliterated serial number (indictment count 3).  Consistent with the agreement, the parties at sentencing jointly recommended that he get a 51-month prison stint.  But not bound by the agreement, the district judge — after calculating a suggested guidelines range of 57 to 71 months and working his way through the sentencing factors in 18 U.S.C. § 3553(a) — settled on 84 months, among other things.[1]

From that sentence Defendant appeals, calling the 13-month above-guidelines term both procedurally and substantively unreasonable.  Writing solely for the parties — who know the facts, procedural history, and arguments presented — and applying abuse-of-discretion review, see United States v. Dávila-Bonilla, 968 F.3d 1, 9 (1st Cir. 2020), we affirm, reporting only those details necessary to explain our reasoning.[2]

_____

[1] Defendant concedes, at least implicitly, that the judge correctly calibrated the applicable sentencing range (we say "at least implicitly" because Defendant does not challenge the judge's calibration on appeal).

[2] Defendant alleges that the government's appellate defense of the judge's sentence breached the agreement.  It did not.  See, e.g., United States v. Jurado-Nazario, 979 F.3d 60, 62-63 (1st

Relying on United States v. Rivera-Berríos, 968 F.3d 130 (1st Cir. 2020), Defendant principally argues that the judge procedurally erred because (to quote his brief quoting Rivera-Berríos, italics added by us though) "an upwardly variant sentence based on the 'highly dangerous and unusual' nature of machine guns is unreasonable *when no other factor relied on is entitled to extra weight*." That the judge commented on how "machine guns are highly dangerous" and "largely exist on the black market" (quotes taken from a section of the transcript where Defendant's judge discussed community-based concerns) did not relieve him of his duty to base his "sentencing determination [o]n individual factors related to the offender and the offense." See id. at 136 (quoting United States v. Rivera-González, 776 F.3d 45, 50 (1st Cir. 2015)). But here — unlike in Rivera-Berríos — factors tied either to the criminal or to the crime differentiate today's case from the ordinary machine-gun case covered by the guidelines. See United States v. Flores-Machicote, 706 F.3d 16, 21 (1st Cir. 2013).

**A**

Focusing on the "universe of things," the judge (to quote again from the transcript) gave individualized attention to the circumstances, "identif[ying] factors that do not make this case

Cir. 2020); United States v. Carbajal-Váldez, 874 F.3d 778, 786-87 (1st Cir. 2017).

a mine-run machine gun case." And as we understand his position, Defendant argues not that the judge failed to identify those factors but that those factors cannot justify the 13-month upward variance. We think otherwise, however.

**1**

To begin, the judge considered Defendant's criminal history — a history that includes two convictions in commonwealth courts for violent offenses.

A portion of the presentence investigation report ("PIR") unchallenged below describes how (emphases ours) "[D]efendant illegally, maliciously, voluntarily and criminally, *aiding and abetting* with [another], *used violence* and intimidation *against a police officer* by resisting arrest and not allowing the officer to execute his duties by dragging the police officer through the road[,] *causing the officer damages to his back and legs*." That conviction resulted in no criminal-history points, thus allowing the judge to conclude that Defendant's guidelines range "underrepresented [his] criminal history," see United States v. Contreras-Delgado, 913 F.3d 232, 243 (1st Cir. 2019) — which distinguishes his case from the mine-run, see United States v. Santiago-González, 825 F.3d 41, 49 (1st Cir. 2016). See generally United States v. Gonzalez-Flores, 988 F.3d 100, 102 (1st Cir. 2021) (explaining that "sentencing factors, like public protection and

deterrence, point in favor of a longer sentence" when the defendant's prior crimes show "troubling patterns").

Perhaps anticipating this conclusion, Defendant argues — without citing any relevant legal authority — that the judge could not consider that offense because prosecutors pursued an aiding-and-abetting theory and because the record does not disclose "who caused an officer to be dragged."  But even if we set his lack-of-citation problem aside, see United States v. Freitas, 904 F.3d 11, 21 (1st Cir. 2018) (deeming an argument waived because the appellant "neither cite[d] any precedent nor explain[ed] the lack of precedent, assuming he found none"), the government protests that other complications get in Defendant's way.  Mentioning P.R. Laws Ann. tit. 33, § 5067, the government tells us — without being contradicted by Defendant — that an aider and abettor is treated as a principal under commonwealth law, just as under federal law.  The government also notes — without drawing a response from Defendant — that the unchallenged description of Defendant's criminal conduct in the PIR states (emphasis again ours) that he, "aiding and abetting with [another], *used* violence and intimidation against [the] police officer . . . by dragging the police officer through the road[,] causing the officer" injuries.  The bottom line is that Defendant's arguments do not move the needle in his favor.

Above and beyond all this, another part of the PIR uncontested below describes how Defendant "illegally, maliciously, knowing and with criminal intent used physical force against his consensual partner by hitting her face with a pot lid, a car seat, a fan guard, his fists and legs[,] causing bleeding in her mouth and nose and bruises." Sentenced to probation, Defendant only got criminal-history points for that offense because a commonwealth court revoked his probation and sent him to prison. The judge mentioned the domestic-violence conviction in discussing Defendant's criminal history, which the government claims was fair game — an argument that Defendant does not directly respond to. And as the government also correctly notes, we can infer that this conviction contributed to the judge's concern with Defendant's multiple convictions for physical violence. See United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007) (emphasizing that a judge's reasoning for the sentence can "often be inferred by comparing what was argued by the parties or contained in the [PIR] with what the judge did"). But to the extent Defendant believes that the judge erred on this front, our caselaw says that a judge can consider "prior criminal history in both the [criminal-history category] determination and the section 3553(a) variance analysis." See United States v. Hernández, 906 F.3d 213, 215 (1st Cir. 2018); see also United States v. Díaz-

Lugo, 963 F.3d 145, 156 (1st Cir. 2020) (recognizing that in picking a variant sentence, a judge can rely on a factor "that was considered in constructing the [guidelines-sentencing range] but not in a way that sufficiently accounts for the idiosyncrasies of [the] particular case"); United States v. Maisonet-González, 785 F.3d 757, 764 (1st Cir. 2015) (holding that an "overlap between the [g]uidelines and other sentencing factors enumerated in [section] 3553(a) did not constitute double counting and is neither surprising nor impermissible").

**2**

More, the judge also considered the two counts dismissed under the plea agreement. As part of the agreement, Defendant stipulated to unlawfully possessing the gun as a convicted felon (count 1) and to possessing a gun with an obliterated serial number (count 3). And contrary to what Defendant contends, the judge could "consider[] the seriousness of the other charges in the indictment, which the parties had agreed to dismiss pursuant to the plea agreement." See United States v. Díaz-Rivera, 957 F.3d 20, 28 (1st Cir. 2020).

**3**

More still, the PIR contained the uncontested fact that Defendant (by his own admission) test-shot the machine gun. The government writes that this fact suggests a willingness on

Defendant's part to use the gun if push came to shove. And Defendant's reply brief does not respond to that suggestion.

**B**

To summarize, because the judge grounded his decision in individual factors related to the offender and the offense, Defendant's bid to show reversible procedural error fails — *i.e.*, "[w]hile the judge may have lingered longer than necessary on community characteristics," including when discussing his beliefs about gun accuracy, the notion that he did not individually tailor the sentence "is unfounded." See Flores-Machicote, 706 F.3d at 24.[3]

**II**

On the substantive-reasonableness front, Defendant argues that "[n]o justification supported the [judge's] thirteen-months-above-guideline-range sentence" because his "commercially available (but altered) handgun with ammunition falls within the guideline-range heartland." This basically mirrors his failed argument under the procedural-reasonableness label. And he does no better using the substantive-reasonableness tag. See United States v. Tosi, 897 F.3d 12, 15 (1st Cir. 2018) (rejecting substantive-reasonableness arguments that "essentially rehash

---

[3] Because the grounds highlighted above suffice to justify the judge's decision, we need not consider the government's other arguments.

[defendant's] already-rejected procedural-reasonableness claims").

Citing 18 U.S.C. § 3553(a)(6), Defendant also claims that his prison term creates "unwarranted sentence disparities" because the judge's "sentence parted ways with numerous machine gun cases in the District of Puerto Rico" that produced "sentence[s] firmly within or below the guidelines." Section 3553(a)(6) "primarily refers to national disparities among *similarly situated* defendants." United States v. Munyenyezi, 781 F.3d 532, 545 (1st Cir. 2015) (first emphasis omitted). Concentrating on the similarly-situated requirement, we note a couple things. "A credible claim of sentencing disparity requires that the proponent" give us "enough relevant information" to show his comparisons involve like-situated individuals. See United States v. Rodríguez-Adorno, 852 F.3d 168, 177 (1st Cir. 2017). And as the government points out — without any contradiction — Defendant offers nothing showing his comparators had guideline ranges or criminal histories similar to his (among other shortcomings), which is enough to reject this claim. See, e.g., United States v. Bedini, 861 F.3d 10, 22 (1st Cir. 2017); Rodríguez-Adorno, 852 F.3d at 177.

**III**

All that is left to say is: *Affirmed*.